**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | |
|---|---|
| **In re:** <br><br> **ABC DISPOSAL SERVICE, INC.,** *et al*. <br><br> **Debtors** | **Chapter 11** <br> **Case No: 16-11787-JNF** <br><br> **Jointly-Administered**[1] |

**MOTION FOR ENTRY OF ORDER
(1) AUTHORIZING THE USE OF CASH COLLATERAL,
(2) GRANTING REPLACEMENT LIENS, AND (3) GRANTING OTHER RELIEF**
(*Expedited Determination Requested*)

Shawmut Associates, LLC ("Shawmut Associates") and A&L Enterprises, LLC ("A&L Enterprises" and with Shawmut Associates, the "Movants"), two of the six jointly administered debtors herein (collectively, the "Debtors"), hereby move this Court for the entry of an Order pursuant to Sections 105 and 363 of the United States Bankruptcy Code (the "Bankruptcy Code"), Federal Rules of Bankruptcy Procedure 2002, 4001, and 9014, and MLBR 4001-2 authorizing the use of Cash Collateral (as that term is further defined in Section 363(a) of the Bankruptcy Code). In further support of this motion, the Movants respectfully state as follows:

### I.    JURISDICTION

1.    This Court has jurisdiction to consider and determine this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The other debtors in these jointly-administered cases are: New Bedford Waste Services LLC (Case No. 16-11788), Solid Waste Services, Inc. (Case No. 16-11789), Shawmut Associates, LLC (Case No. 16-11790), A&L Enterprises, LLC (Case No. 16-11791), and ZERO Waste Solutions, LLC (Case No. 16-11792).

## II.    BACKGROUND

2.    On May 11, 2016 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts.

3.    The Debtors continue to operate as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  On May 26, 2016, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in these cases (the "Committee").

4.    On the Petition Date, ABC Disposal Service, Inc. ("ABC") and New Bedford Waste Services, LLC ("New Bedford Waste") filed a motion seeking to use Cash Collateral, in which Webster Bank, N.A. ("Webster") and Small Business Term Loans, Inc. d/b/a BFS Capital d/b/a BFS Financial Services ("BFS") may have an interest, to pay the necessary costs and expenses associated with the operation of the Debtors' businesses [docket no. 7] (the "ABC Cash Collateral Motion").  Following a hearing on the ABC Cash Collateral Motion and with the consent of Webster and BFS, the Court entered an order approving the use of Cash Collateral by ABC and New Bedford Waste through June 4, 2016 [docket no. 24] and set a continued hearing on the ABC Cash Collateral Motion for June 1, 2016.  ABC and New Bedford Waste have, contemporaneously with the filing of this motion, filed a statement in support of their further use of Cash Collateral.

5.    Information respecting the precipitating causes of the bankruptcy filings, the Debtors' capital structure, and related issues are set forth in the *Affidavit of Michael A. Camara in support of First Day Motions* [docket no. 12] which is incorporated herein by reference.

**A.     The Movants' Businesses and Assets.**

6.     The Movants are Massachusetts limited liability companies which own and lease real estate principally to ABC and New Bedford Waste in connection with their operations, which include providing waste hauling, disposal, and processing services across Southeastern Massachusetts and Rhode Island. Shawmut Associates was organized in 2000 and A&L Enterprises in 2001. Each of Susan M. Sebastiao, Kenneth J. Camara, Steven A. Camara, and Michael A. Camara own a twenty five percent (25%) interest in each of the Movants.

7.     Shawmut Associates owns multiple parcels of property across Southeastern Massachusetts. Among others, it owns a 2.4 acre parcel in New Bedford located at 1228 Shawmut Avenue which is improved by offices and other commercial space used principally for ABC's operations. It also owns abutting properties located at 1069, 1136, and 1200 Shawmut Avenue and 994-998 Nash Road which total approximately seven (7) acres. A small portion of 1228 Shawmut Avenue is leased as office space to an unaffiliated third party as a tenant at will.

8.     Shawmut Associates also owns a 31 acre parcel in Sandwich, Massachusetts located at 295 Service Road which is improved by a New Bedford Waste transfer station, and the 69 acre property in Rochester, Massachusetts located at 48-50 Cranberry Highway (the "<u>Rochester Property</u>") which is improved by another New Bedford Waste transfer station and an uncompleted advanced mixed waste recycling facility intended for ZERO Waste Solutions, LLC.

9.     A&L Enterprises owns three contiguous parcels of land in New Bedford, Massachusetts totaling approximately twenty-six (26) acres known as 1245 Shawmut Avenue which are improved by, among other things, a New Bedford Waste solid waste transfer station.

10.    On the Petition Date and among other things, Shawmut Associates and A&L Enterprises held cash in their accounts totaling approximately $3,100 and $2,600, respectively.

**B.     The Movants' Financing Arrangements and Liabilities.**

11.     Between June 2009 and April 2013, Shawmut Associates entered into multiple loan arrangements with Webster, individually and not as agent. The proceeds of those loan transactions were used to refinance existing obligations or acquire additional properties. To secure its obligations, Shawmut Associates granted to Webster, individually and not as agent, mortgages and assignments of rents on certain of its properties. In connection therewith, Webster, individually and not as agent, asserts that Shawmut Associates owes it approximately $6 million in the aggregate as follows:

   a.  Approximately $4.7 million on account of a loan to Shawmut secured by mortgages dated December 16, 2011 on 1136 Shawmut Avenue, the Nash Road Property, the Rochester Property, and the Sandwich Property;

   b.  Approximately $355,000 on account of a loan to Shawmut secured by a mortgage dated December 10, 2009 on 1069 Shawmut Avenue;

   c.  Approximately $304,000 on account of a loan to Shawmut secured by a mortgage dated June 29, 2009 on 1136 Shawmut Avenue and the Nash Road Property;

   d.  Approximately $138,000 on account of a loan to Shawmut secured by a mortgage dated July 22, 2011 on 1228 Shawmut Avenue; and

   e.  Approximately $522,000 on account of a loan to Shawmut secured by a mortgage dated April 5, 2013 on 1200 Shawmut Avenue.

12.     Webster, individually and not as agent, asserts to hold a mortgage dated February 13, 2012 on 1136 Shawmut Avenue and the Nash Road Property to secure asserted indebtedness under certain letter of credit and guaranty obligations of Shawmut Associates in the asserted principal amount of $261,947.

13. On February 12, 2014, ABC, New Bedford Waste, and A&L Enterprises entered into a Loan Agreement with Webster, as agent for itself and Citizens Bank, N.A. ("Citizens"),[2] to borrow up to $26.2 million (the "2014 Loan"). ABC executed three promissory notes in the aggregate original principal amount of: $21,650,000 and New Bedford Waste executed three promissory notes in the aggregate original principal amount of $4,550,000. Webster has also issued certain outstanding letters of credit to third parties under the 2014 Loan and asserts to be owed approximately $22.2 million thereunder.

14. A&L Enterprises, among others, guaranteed the obligations of ABC and New Bedford Waste under the 2014 Loan and Webster asserts to hold a mortgage and assignment of rents on the property at 1245 Shawmut Avenue.

15. Various contractors have recorded notices of contract, statements of account, and/or complaints on the title of the Rochester Property alleging to be owed certain amounts and alleging mechanics liens pursuant to M.G.L. ch. 254 in connection with the construction of the ZERO Waste Facility as follows:

    a. Barnes Buildings & Management Group, Inc. and Page Building Construction Co., Inc. in the amount of $117,504;

    b. ThyssenKrupp Elevator Corp. in the amount of $32,747;

    c. Rykor Concrete & Civil, Inc. and Page Building Construction Company in the amount of $65,992;

    d. Page Building Construction Company and Shawmut Metal Products, Inc. in the amount of $160,230;

    e. Breen & Sullivan Mechanical Services, Inc. and Page Building Construction Company in the amount of $2,897,272; and

    f. Aluminum & Glass Concepts, Inc. in the amount of $57,840.

---

[2] Citizens is a lender-participant in the 2014 Loan. Webster acts as agent for both of itself and Citizens in connection with the 2014 Loan.

(The above-listed contractors, Barnes Buildings & Management Group, Inc., Page Building Construction Co., Inc., ThyssenKrupp Elevator Corp., Rykor Concrete & Civil, Inc., Shawmut Metal Products, Inc., Breen & Sullivan Mechanical Services, Inc., and Aluminum & Glass Concepts, Inc. are collectively referred to as the "Mechanics' Lien Holders").

16.    Shawmut estimates its outstanding unsecured debt, excluding any inter-company debts and any claims of the Mechanics' Lien Holders, totals approximately $100,000.   A&L's books and records reflect no outstanding unsecured debt.

**C.    Post-Petition Events.**

17.    Since the Petition Date, the Debtors have continued to operate in the ordinary course of their businesses.

18.    On Friday, May 13, 2016 a fire broke out at a building located on at the Rochester Property owned by Shawmut Associates and used by ABC and New Bedford Waste in the operation of their businesses.  The fire was successfully extinguished and ABC and New Bedford Waste were able to resume normal operations at the property by Monday morning, May 16, 2016.

19.    The Debtors expect that the repair and remediation costs associated with the damage caused by the fire will be covered by their insurer.

### III.    REQUESTED USE OF CASH COLLATERAL

**A.    Use of Cash Collateral.**

20.    The Movants require the use of Cash Collateral, including insurance proceeds, to pay the costs necessary to operate, maintain, and preserve their properties and the repair and remediation costs arising from the fire at the Rochester Property (collectively, the "Preservation Costs").

21. The approval of the use of the Cash Collateral is in the best interests of the Movants, the Movants' estates and their creditors. The use of Cash Collateral to pay the Preservation Costs will enable the Movants to maintain their operations and preserve their properties during their reorganization efforts, including repairing and remediating the Rochester Property.

### B.  **Adequate Protection.**

22. Webster, individually or as agent for Citizens, and the Mechanics' Lien Holders (collectively the "Lienholders") may have an interest in the Movants' Cash Collateral.

23. Section 363(e) of the Code provides that a party with an interest in property proposed to be used, sold or leased by the debtor must receive adequate protection for such interest before the debtor may use, sell or lease such property. 11 U.S.C. § 363(e).

24. Section 361 of the Code provides that when adequate protection is required under Section 363 of the Code, such adequate protection may be provided by, *inter alia*, "providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property." 11 U.S.C. § 361(2).

25. The entitlement to and measure of the protection required is always determined by the extent of the anticipated or actual decrease, if any, in the value of the secured creditor's collateral during course of the bankruptcy case. *See In re First South Savings Assoc.*, 820 F.2d 700, 710 (5th Cir.1987). Adequate protection requires only that the value of the creditor's interest in the cash collateral be protected from diminution while the debtor is using the cash collateral. *United Savings Association of Texas v. Timbers of Inwood Forest Assoc.*, *Ltd.*, 484 U.S. 365 (1988). Said another way, it is "intended by the Bankruptcy Code only to assure that a secured creditor, during the pendency of a bankruptcy case, does not suffer a loss in the value of

its interest in property of the bankruptcy estate." *In re Markos Gurnee Partnership*, 252 B.R. 712, 716 (Bankr.N.D.Ill.1997).

26. In order to provide the Lienholders with adequate protection on account of the proposed use of the Cash Collateral, the Movants propose to grant to the Lienholders replacement liens (the "Replacement Liens") on the same types of post-petition property of the estates against which the Lienholders held liens as of the Petition Date without prejudice to the Movants' rights to contest the amount, validity, priority and extent of any liens or claims asserted by the Lienholders. The Replacement Liens shall maintain the same priority, validity and enforceability as the Lienholders' pre-petition liens. The Replacement Liens shall be recognized only to the extent of the diminution in value of the Lienholders' prepetition collateral after the Petition Date resulting from the Movants' use of the Cash Collateral during these cases.

27. The Replacement Liens and the Movants' continued maintenance and preservation of their properties constitute adequate protection within the meaning of the Bankruptcy Code and will preserve the Lienholders' asserted security interests in the Movants' assets. *See e.g. In re McCann,* 140 B.R. 926, 929 (Bankr. D. Mass. 1992), *citing with approval In re Prichard Plaza, L.P.*, 84 B.R. 298 (Bankr. D. Mass. 1988).

### IV. EXPEDITED DETERMINATION REQUESTED

28. The Debtors' insurer is expected to make payments of insurance proceeds imminently and Shawmut Associates seeks to repair and remediate the Rochester Property as soon as is practicable. Accordingly, the Movants request expedited consideration of this motion.

### V. NOTICE

29. The Movants will serve this motion and notice of any hearing of such motion upon the Lienholders, any other individual or entity which has filed a UCC-1 Financing

Statement with the Secretary of the Commonwealth of Massachusetts and or known by the Debtors to assert liens on or security interests in any of the Debtors' assets, the Debtors' 30 largest unsecured creditors, the Office of the United States Trustee, the Office of the Attorney General of Massachusetts, relevant federal and state taxing authorities and upon any party requesting notice in this proceeding.

**WHEREFORE**, the Movants respectfully request that this Court enter an Order substantially in the form attached hereto:

A. Granting this Motion;

B. Authorizing the Movants' use of Cash Collateral as requested;

C. Granting the Replacement Liens; and

D. Granting such other and further relief as is necessary and proper under the circumstances.

Respectfully submitted,

ABC DISPOSAL SERVICE, INC., NEW BEDFORD WASTE SERVICES, LLC, SOLID WASTE SERVICES, INC., SHAWMUT ASSOCIATES, LLC, A&E ENTERPRISES, LLC, and ZERO WASTE SOLUTIONS, LLC,

By their proposed counsel,

 /s/ Christopher M. Condon
Harold B. Murphy (BBO #362610)
Christopher M. Condon (BBO #652430)
Murphy & King Professional Corporation
One Beacon Street, 21st Floor
Boston, Massachusetts  02108-3107
Telephone:  (617) 423-0400
Facsimile:  (617) 423-0498

Dated: May  31, 2016                          ccondon@murphyking.com

9

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **ABC DISPOSAL SERVICE, INC.,** *et al*. | **Case No: 16-11787-JNF** |
| **Debtors** | **Jointly-Administered[1]** |

**ORDER REGARDING MOTION FOR ENTRY OF ORDER**
**(1) AUTHORIZING THE USE OF CASH COLLATERAL,**
**(2) GRANTING REPLACEMENT LIENS, (3) SCHEDULING A HEARING ON THE**
**FURTHER USE OF CASH COLLATERAL, AND (4) GRANTING OTHER RELIEF**

This matter having come before the Court on the *Motion for Entry of Order (1) Authorizing the Use of Cash Collateral, (2) Granting Replacement Liens, and (3) Granting Other Relief* (the "Cash Collateral Motion") filed on May 31, 2016 by Shawmut Associates, LLC ("Shawmut Associates") and A&L Enterprises, LLC ("A&L Enterprises" and, together with Shawmut Associates, the "Movants"), two of the above-captioned debtors in these jointly-administered cases; and the Court having jurisdiction to consider the Cash Collateral Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and notice of the Cash Collateral Motion being good and sufficient notice under the circumstances; and it appearing from the record before the Court that sufficient cause exists for the entry of this order; the Court hereby

---

[1] The other debtors in these jointly-administered cases are: New Bedford Waste Services LLC (Case No. 16-11788), Solid Waste Services, Inc. (Case No. 16-11789), Shawmut Associates, LLC (Case No. 16-11790), A&L Enterprises, LLC (Case No. 16-11791), and ZERO Waste Solutions, LLC (Case No. 16-11792).

**FINDS AS FOLLOWS:**

A.     On May 11, 2016 (the "Petition Date"), the Movants, ABC Disposal Service, Inc., New Bedford Waste Service, LLC, Solid Waste Services, Inc., and ZERO Waste Solutions, LLC (collectively, the "Debtors") filed voluntary petitions under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Massachusetts (the "Court").

B.     The Debtors continue to operate as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. On May 26, 2016, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in this case.

C.     This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

D.     The Movants require the use of the Cash Collateral in order to the necessary costs and obligations associated with maintaining and preserving their real properties including, without limitation, repair and maintenance costs, real estate taxes, and insurance in the ordinary course. The entry of the relief contained in this order is in the best interests of the Movants, their bankruptcy estates, and their creditors.

E.     Each of Webster Bank, National Association, Barnes Buildings & Management Group, Inc., Page Building Construction Co., Inc., ThyssenKrupp Elevator Corp., Rykor Concrete & Civil, Inc., Shawmut Metal Products, Inc., Breen & Sullivan Mechanical Services, Inc., and Aluminum & Glass Concepts, Inc. (collectively, the "Lienholders") have asserted liens against the Movants' property and may have an interest in the Movants' Cash Collateral.

F.     This Court has not been asked to find, and it does not find, that any asserted security interest is valid or perfected.

G.  The replacement liens proposed in the Cash Collateral Motion adequately protect the Lienholders' interests in the Cash Collateral for the purposes of Sections 361, 363(e) and 507(b) of the Bankruptcy Code.

H.  Due and adequate notice of the hearing has been given, and no further notice of the hearing is required before the entry of the relief provided for in this order.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Cash Collateral Motion.

2.  The Cash Collateral Motion is allowed as set forth herein.

3.  The Movants are authorized to use Cash Collateral, including insurance proceeds, to pay the costs necessary to operate, maintain, and preserve their properties and the repair and remediation costs arising from the fire at the Rochester Property.

4.  For the purposes of Sections 361, 363(e) and 507(b) of the Bankruptcy Code and as adequate protection to the Lienholders for the Movants' use of Cash Collateral, the Lienholders are hereby granted replacement liens (the "Replacement Liens") on the same types of post-petition property of the Movants' estates against which the Lienholders held liens as of the Petition Date (the "Collateral").  The Replacement Liens shall maintain the same priority, validity and enforceability as the Lienholders' respective pre-petition liens.  The Replacement Liens shall be recognized only to the extent of the post-petition diminution in value of the Lienholders' pre-petition collateral resulting from the Movants' use of the Cash Collateral.

5.  The Replacement Liens shall not attach to any avoidance powers held by any of the Debtors or any trustee for the Debtors, including those avoidance powers set forth in Sections

3

544, 545, 547, 548, 549, 550, 551 and 553 of the Bankruptcy Code, or to the proceeds of any claims under or actions commenced pursuant to such powers.

6. Nothing in this order shall constitute a waiver by or restrict the right of the Movants to seek to amend or modify the terms of this Order or to challenge any claim or asserted interest of any Lienholder; nor shall it constitute a waiver by or restrict the right of any other Debtor to seek the use of Cash Collateral on any other terms and conditions or to challenge any claim or asserted interest of any Lienholder.

7. Nothing contained in this order is intended, or shall be deemed, to be a ruling on the extent or validation of any creditor's asserted security interest.

8. This order and the Movants' use of Cash Collateral as authorized in this order shall become effective immediately upon entry of this order by the Court.

BY THE COURT

JOAN N. FEENEY
United States Bankruptcy Judge

Dated: _____, 2016

709848